124

**MIAMI THEATRE, Inc., v. FAHS, Collector of Internal Revenue.**

Civil Action No. 956–M.

District Court, S. D. Florida, Miami Division.

Dec. 13, 1944.

Bernstein & Hodsdon, of Miami, Fla., for plaintiff.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Harry G. Taylor, Sp. Asst. to Atty. Gen., for defendant.

HOLLAND, District Judge.

This suit involves the relationship between Miami Theatre, Inc., a Florida corporation, and a co-partnership which during the year involved did business and continues under the style and name of "Wometco Circuit," and which co-partnership was composed of two men and their wives, who were the owners of the corporate stock of said Miami Theatre. This decision is now made after the taking of the testimony in the case, but before the reporter has transcribed his notes. I find in favor of the plaintiff, Miami Theatre. The counsel for plaintiff will prepare findings of fact and conclusions of law consistent with this decision, and, upon notice to the Government counsel, will submit same to the Court, which when signed, together with this memorandum-decision, will constitute the final orders in the case.

Wometco Circuit is an independent contractor, and not an employee of Miami Theatre. I find this to be a fact. The record sustains this finding, and counsel will incorporate in the proposed findings all record evidence which sustains this conclusion, and as contended by counsel for Miami Theatre. Especially, however, does the Court rely upon certain considerations of the case. The method of doing business in the year 1939 was the same as had been practiced for a long period of time prior to the enactment of the Social Security Act, 42 U.S.C.A. § 301 et seq., and there was no effort to avoid Social Security taxation. The character of business of the Miami Theatre in the exhibition of pictures at one theatre was distinct from the business conducted by Wometco Circuit in the procuring of films for a number of theatres operated by the same interested persons, of which number Miami Theatre was one. This is a factor which runs throughout the case; it is a present circumstance always to be considered when the relationship between this corporate and this partnership entity is studied in an effort to apply the facts to the question of who is an employee and not an independent contractor under the Social Security Act. This circumstance or factor is so clear from the evidence, that if Wometco Circuit was a separate corporate entity stock in which was owned not only by those who owned all Miami Theatre stock but by other persons, there could be no question as to Wometco Circuit being an independent contractor when contracting for films for a chain of theatres of which Miami Theatre was only one link.

In this case several of the theatre corporate entities were owned through corporate stock by a group of individuals, only some of whom were members of the Wolfson and Meyer families, and this is a circumstance which might be properly considered in a theoretical analysis of the case. Miami Theatre is not to be deprived of all substantial evidence on this phase of the

matter, but I base my conclusion on the broad principle of independent contractorship of a co-partnership rendering a contractual service of an entirely different nature for a group of various corporate entities, whose business is entirely different from the activities of the co-partnership, even though the members of the co-partnership are the individuals who own all the stock of the individual corporate entities.

During the progress of the examination of witnesses, the Court reserved rulings on certain objections of Government counsel. This decision in the case now made is not based on any action taken by the Federal Government in income tax matters, nor by any action taken by the State of Florida in Social Security matters, and the objections of the defendant are sustained.